FILED
**United States Court of Appeals**
**Tenth Circuit**

**May 27, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LAURA GEMA CARROLL,

    Defendant - Appellant.

No. 25-7066
(D.C. No. 6:24-CR-00120-RAW-1)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **MATHESON**, and **ROSSMAN**, Circuit Judges.
_____

Defendant Laura Gema Carroll appeals her conviction for possessing a firearm as a felon under 18 U.S.C. § 922(g)(1). As Defendant concedes, we are bound by precedent to reject the argument she raises on appeal. Exercising jurisdiction under 28 U.S.C. § 1291, we therefore uphold the conviction.

Defendant was charged with a violation of § 922(g)(1) for "possessing a semi-automatic pistol that had been shipped and transported in interstate commerce, along

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

with accompanying ammunition for the firearm." Aplt. Br. at 2. The indictment alleged that she had a prior felony conviction. Defendant moved to dismiss the indictment on the ground that § 922(g) violates the Second Amendment as applied to her because her prior felonies were nonviolent. The district court denied the motion. *See United States v. Carroll*, No.CR-24-120-RAW, 2025 WL 693240, at *2 (E.D. Okla. Mar. 4, 2025). Defendant pleaded guilty but reserved her right to appeal the court's ruling on her Second Amendment challenge.

On appeal Defendant asserts the same Second Amendment challenge but concedes that this challenge is foreclosed by our precedent. In *United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009), we upheld the constitutionality of banning felons from possessing firearms under § 922(g). We recently reexamined that holding in light of *United States v. Rahimi*, 602 U.S. 680 (2024), and determined, once again, that "the Second Amendment doesn't prevent application of § 922(g)(1) to nonviolent offenders." *Vincent v. Bondi*, 127 F. 4th 1263, 1266 (10th Cir. 2025), *cert. denied*, 2026 WL 568283 (Mar. 2, 2026).

We **AFFIRM** the judgment below and **DISMISS** the appeal.

Entered for the Court


Harris L Hartz
Circuit Judge